PER CURIAM:
Claimant brought this action for damage to her vehicle which occurred when she was operating her vehicle on State Route 41 in Persinger, Nicholas County, and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of State Route 41. The Court is of the opinion to make an award in this claim for the reasons set forth more folly below.
The incident giving rise to this claim occurred on April 22, 2003, at approximately 1:00 p.m. Claimant was driving her 1997 Dodge vehicle eastbound on State Route 41 from Craigsville to Summersville. The weather was sunny and the roads were dry. State Route 41 at this location is a two-lane, asphalt highway with double yellow center lines and white lines on the edges. Claimant travels this portion of State Route 41 to Summersville approximately once a week. The last time she had traveled it prior to this incident was approximately one week earlier. Claimant testified that she was traveling between 45 to 50 miles per hour in a 5 5 mile per hour zone. As she approached a large oncoming log truck that crossed the centerline, she believed that she had to maneuver her vehicle to the edge of the road and onto the berm. When she did so, the right front tire struck a large hole on the berm of the road resulting in a serious impact. Claimant stated that the hole her vehicle struck resulted from broken pavement. She stated that the hole extended from the berm, through the white edge line and approximately ten to twelve inches into the travel portion of the road. According to claimant, the hole was fourteen to sixteen inches wide and approximately three to four feet long. In addition, claimant testified that the hole was significantly deep. Claimant testified that the hole was deep enough to make it difficult for her to remove the vehicle from it. As a result, claimant’s right front tire and wheel were destroyed. She also asserts that her right rear tire was damaged as a result of this incident. Although she does not recall her head striking anything in the vehicle, she does recall that there was a severe impact when the vehicle struck the hole. She stated that the impact caused a feeling of pressure in her head and that “it just felt like my head exploded.” Claimant also stated that later that night she could not see for a while. Claimant went to the emergency room at Summersville Memorial Hospital the next morning complaining of severe headaches which she attributed to this incident. She was x-rayed, treated, and released from the emergency room the same day with instructions to follow up with her family physician. According to claimant, her family physician directed her to have an MRI of her head and MRA of the neck to determine whether she had suffered a stroke. Claimant testified that she never had these type of headaches until this incident. Further, she stated that she continues to have severe headaches and she is not sure at this time whether the headaches will continue in the future. In addition, claimant visited an ophthalmologist to have her eyes examined due to the headaches and temporary loss of vision on the night of this incident. Claimant submitted a repair bill to the Court in the amount of $ 193.98 for the cost of two tires. Claimant’s nephew bought her a new wheel and loaned her the money for the tires. However, claimant did not know the cost of the wheel, nor did she have any method to establish its value. Claimant also seeks an award for medical expenses she *80 incurred as a result of injuries she sustained in this incident. The total amount of medical expenses claimant alleges she incurred as a result of this incident are $3,487.70. A portion of claimant’s medical expenses were covered by Medicare health insurance coverage, a collateral source. Thus, claimantmay only recover her out-of-pocket medical expenses in the amount of $297.94. Claimant seeks a total award of $491.92.
Edward Brown, assistant supervisor for respondent in Nicholas County is responsible for monitoring and maintaining the highways in Nicholas County. He is responsible for the portion of highway at issue and is familiar with the location of this incident. He stated that State Route 41 is approximately twenty-two feet wide, each lane being eleven feet wide from the center line. Mr. Brown described the road at the location of this incident as an elevated downhill curve. He testified that the berm is difficult to maintain because of the high volume of traffic, and the large log tracks which use the road. He also stated that this portion of the road is in a turn and the berm is difficult to hold because the traffic including heavy log trucks drive on the berm at this location. According to Mr. Brown, respondent maintains the berm at this location by cleaning the berm at least three times a year except during the winter when it cannot be done. He stated that if he or one of his crew members notices a hole in the berm during the winter months, they will fill it with gravel until warmer weather arrives. According to Mr. Brown, the last time the berm at issue was maintained was either October or November 2002. He stated that either he or his foreman travels this portion of road almost daily. He also testified that while there were some portions of the road that were deteriorating including the curve at issue, he did not have notice of this specific hole prior to this incident. Mr. Brown testified that if he or his crew locates a hazard, it will be marked with barrels or hazard boards until they can repair it.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). T o hold respondent liable for a road defect of this type, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that the evidence established that this portion of State Route 41 presented a hazard to the traveling public. The size of the hole and its location in the berm leads the Court to conclude that the respondent had constructive notice of this hole. The incident occurred during springtime when respondent should have been able to repair this defect. Further, the hole was located in a curve in the road that respondent knew had a tendency to deteriorate quickly because of the large number of log trucks that travel on the edge of the berm at this location. This created an even greater hazard for the traveling public. Respondent should have at least placed warning signs or hazard paddles near this location. Thus, the Court finds respondent is liable for the damages which proximately flow from its negligence in this claim which include the damage to claimant’s vehicle, minus the amount of the wheel, and the medical expenses claimant incurred.
Accordingly, the Court makes an award to the claimant in the amount of <MQ1 Q9
Award of $491.92.